Charles P. WHITMAN, et ux.,
Appellants,

v.

H. W. CAMPBELL, et al., Appellees.

No. 8606.

Court of Civil Appeals of Texas,
Beaumont.

June 25, 1981.

John Fulbright, Beaumont, for appellants.

James L. Weber, Louis Scofield, Beaumont, Lipscomb Norvell, Beaumont, for appellees.

CLAYTON, Justice.

Charles P. Whitman, appellant, was injured when he fell through an unguarded stairwell opening of a bank building under construction. Whitman brought this suit against the general contractor, Campbell, and against Orange Bank, owner of the new bank building under construction.

Orange Bank's motion for instructed verdict was granted, and the trial court dismissed the cross-action of the Bank against the contractor. The contractor, Campbell, non-suited Whitman's employer (the subcontractor). The jury, in response to special issues, found that Campbell was negligent in not erecting guardrails around the stairwell and that such negligence was a proximate cause of Whitman's injury. The jury also found that Whitman was negligent in failing to maintain a proper "lookout"; that such negligence was a proximate cause of his injury; and that 35 percent of his negligence was attributable to his inju-

ries. The jury found the amount of damages to be $80,000. Judgment was entered awarding appellant, Whitman, the sum of $56,526.54, based upon 35 percent of the damages and stipulated medical expenses. From this judgment, Whitman appeals.

In his first point of error, appellant contends that the trial court committed error in submitting an instruction on mitigation of damages. The instruction given by the court states:

"In answering this special issue you should not include any sum for physical pain and mental anguish, if any, loss of earning capacity, if any, . . . proximately caused by the failure of the injured party to care for or treat his injuries, if any, as a reasonable prudent person would in the exercise of ordinary care under the same or similar circumstances."

Whitman argues there is no evidence to support the submission of such an instruction. The only evidence in the record with reference to mitigation of damages is testimony of the treating physician. This physician testified, in answer to the question: "Do you plan to recommend or have you recommended surgery to him [Whitman]?" "We discussed surgery. I was hopeful that he might do well in the back brace, but he is not doing very well. The back brace does allow him to be up and about some, but he has to lie down every so often and rest, because his pain is worse when he is up. We have discussed surgery and he is contemplating it." The physician also testified that surgery "sometimes will relieve the pain" and "may or may not be successful." We agree with appellant that this evidence is not legally sufficient to support the instruction given by the trial court.

The record before us does not contain any evidence of negligence on the part of appellant in failing to consult a doctor, in failing to consult a doctor as soon as a reasonable prudent person would, in failing to follow a doctor's advice, or simply in failing properly to care for and treat injuries which do not require the attention of a doctor, any or all of such elements of proof being necessary to require such an exclusionary instruction. *Moulton v. Alamo Ambulance Service, Inc.,* 414 S.W.2d 444 (Tex.1967). The trial court erroneously gave the exclusionary instruction in the case at bar.

Appellant argues this instruction constitutes reversible error. We do not agree. We do not hold the improper submission of such an instruction in every case constitutes harmless error, but, under the facts of this case, we hold the instruction given does constitute harmless error.

To obtain reversal of the judgment of the trial court, the complaining party must show that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *Tex.R. Civ.P. 434* and *503; Dennis v. Hulse,* 362 S.W.2d 308 (Tex.1962). In deciding this question, the reviewing court may review the entire record of the case. *Gomez Leon v. State,* 426 S.W.2d 562, 565 (Tex.1968).

The record before us shows appellant's physician testified that his (appellant's) broken arm and cracked pelvis had healed "fine." Even though appellant testified as to subjective complaints of pain, there was no evidence of objective findings of nerve root impingement in his back. X-rays showed the least severe grade of spondylolisthesis, a congenital condition which is often asymptomatic. A myelogram and a cat-scan performed upon appellant were normal. The jury awarded appellant the sum of $80,000 for damages sustained. The jury was entitled to believe, disbelieve, or otherwise weigh the testimony presented, including appellant's subjective complaints of pain, and could have reasonably come to the conclusion they reached on damages. *Hulsey v. Drake,* 457 S.W.2d 453 (Tex.Civ. App.—Austin 1970, writ ref'd n.r.e.).

In view of the authorities cited above and the record before us, appellant has failed to discharge his burden in showing that the exclusionary instruction complained of was reasonably calculated to cause a miscarriage of justice and probably did cause the rendition of an improper judgment in this case. This point is overruled.

Appellant next complains of the submission of the special issue concerning his negligence in failure to keep a proper lookout because the evidence is factually insufficient to support the submission and the jury's affirmative answer. This "insufficiency" point requires the consideration of all the evidence in the record to determine if the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Biggers v. Continental Bus System*, 157 Tex. 351, 303 S.W.2d 359, 369 (Tex.1957).

Appellant argues, without citing any authority, that since he knew and was aware of the open stairwell, its location, and its unguarded condition, that "his negligence as to 'lookout', i. e., in failing to discover the existence of the stairwell, as a matter of law could not have been a cause of fact of his fall and injuries. For the same reason his failure to discover such stairwell could not constitute negligence." We do not agree. Lookout is not always equated with discovery of a condition or danger. Failing to keep a proper lookout is the appellant's failure to look or watch where he is going. The evidence shows that appellant was working on the second floor of a building then under construction. He knew the existence of the stairwell and knew that it was unguarded. He had been on a ladder and had just descended from the top of the ladder to the floor, turned, took two steps, and fell into the stairwell. He gave no reason for falling into the stairwell and stated, "I don't remember what happened." This evidence is factually sufficient to support the submission of the issue and the answer of the jury as to "lookout." This point is overruled. For the same reasons, appellant's third point as to the comparative negligence issued is overruled.

Appellant next complains of error in granting Orange Bank's motion for instructed verdict, "because Bank was under a duty by virtue of Article 5182, V.A.C.S. to see to it that the stairwell in question was properly guarded."

*Tex.Rev.Civ.Stat.Ann. art. 5182(2)* provides that "if elevators, elevating machines or hod hoisting apparatus are used within a building in the course of construction, for the purpose of lifting materials to be used in such construction, the contractor or owners, . . . shall cause the shafts or openings in each floor to be enclosed. . . ." The evidence shows there was a stairway from the first floor of the building to the second floor which was used by and for personnel. There were no elevators, elevator shafts, hod hoisting apparatus, or any other equipment for lifting any kind of building materials. Under the provisions of *Article 5182(2)* such statutory duties enunciated therein are not applicable to this case. The motion for instructed verdict was properly granted.

Appellee, Campbell, by cross-point, complains of error in failing to grant his motion for instructed verdict because "there was no evidence that any negligence [on his part] was a proximate cause of the occurrence. . . ." He makes no complaint as to the finding of negligence in failing to erect guardrails around the stairwell. The denial of a motion for an instructed verdict presents a "no evidence" point, and we must consider only the evidence and inferences that support the findings that his negligence was a proximate cause of the occurrence in question. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). There was testimony in the record that appellant's toe appeared to be "hung" on a piece of conduit pipe which was within a few inches of the stairwell and that he fell "head first" into the unguarded stairwell. There was also testimony to the effect that on previous jobs guardrails were already up when appellant came on the work site, that OSHA regulations require the use of a guardrail when one is not working in the opening, and that the guardrail should be replaced when one finishes his work in the opening.

The jury in this case could reasonably conclude from these facts that erection of the guardrail was a safety factor; that no guardrail had been placed around this opening; that appellant tripped and fell

into the opening; and that, if a guardrail had been present, he would not have fallen into the opening. This evidence is legally sufficient to support the submission of the issue on proximate cause. Proximate cause, as any other ultimate fact, may be established and inferred from the circumstances surrounding the event, and it is not necessary to prove this element by direct and positive proof. *Lynch v. Ricketts*, 158 Tex. 487, 314 S.W.2d 273 (1958); *B. M. & R. Interests v. Snyder*, 453 S.W.2d 360, 363 (Tex.Civ.App.—Tyler 1970, writ ref'd n. r. e.); *Edwards v. Shell Oil Co.*, 611 S.W.2d 904, 905 (Tex.Civ.App.—Eastland 1981, writ ref'd n. r. e.). This point is overruled.

Finding no error, the judgment of the trial court is affirmed.

AFFIRMED.