**FIGURE WORLD, INC., et al., Appellants,**

v.

**Lois FARLEY, Appellee.**

**No. 14049.**

Court of Appeals of Texas, Austin.

Oct. 10, 1984.

Rehearing Denied Nov. 7, 1984.

---

34

Melvin Krenek, Beckmann, Krenek, Olson & Quirk, San Antonio, for appellants.

Vincent J. Scanio, Jr., Scanio & Scanio, Anthony W. Tomblin, San Marcos, for appellee.

Before SHANNON, EARL W. SMITH and GAMMAGE, JJ.

GAMMAGE, Justice.

Figure World, Inc. and Figure World of San Antonio, Inc. appeal the trial court's judgment awarding damages to Lois Farley for negligence and illegal eavesdropping. We will affirm in part and reverse and render in part.

Early in 1981 Lois Farley sought to acquire a membership in Figure World. Figure World is a chain of women's exercise and health salons. During her first few visits to defendant's New Braunfels salon she was given a guided tour of the facilities and introductory instructions about the use of the exercise equipment. In February, 1981, after only a few visits to Figure World, Farley fell from a jogging treadmill and fractured her arm. The jury found that the fall was proximately caused by the negligence of Figure World's employees. Specifically, the jury found that the fall was caused by a Figure World employee shouting "suck in that stomach" to Farley while she was attempting to master the jogging treadmill.

Farley filed suit and during the course of discovery it was revealed that Figure World used, at least occasionally, electronic listening devices (hidden microphones) in its "closing rooms" or sales conference offices. Farley then amended her petition to allege a violation of Tex.Rev.Civ.Stat.Ann. art. 9019 § 2 (Supp.1984), which provides a civil remedy for nonconsensual interception of communications. Farley contends she was the victim of such illegal eavesdropping during the course of her sales meetings with Figure World's employees.

Trial was had to a jury in Comal County on both the negligence cause of action and the statutory cause of action. Farley prevailed on both grounds of recovery. Figure World now brings eleven points of error to this Court.

### Art. 9019 Claim

Figure World's first six points of error assert that Farley failed to establish a vio-lation of art. 9019. They assert that there is no evidence of any of the requisite elements, or, alternatively, there is insufficient evidence to support each of the elements.

■ We hold that Farley failed to prove she had been the victim of any activity prohibited by art. 9019. The evidence introduced in the trial court proved only that the appellant had the capacity to intercept conversations in the sales offices. There was no testimony or other evidence that the eavesdropping devices were ever used while Farley was in one of the sales offices. While the practice of "bugging" offices has been deemed sufficiently reprehensible by the Legislature to be prohibited, appellee has failed to prove a violation under even the most liberal interpretation of the statute. For this reason we need not construe art. 9019. We reverse that portion of the trial court's judgment that is based upon the statutory cause of action, and render judgment denying Farley any relief on this portion of her suit.

### Negligence Claim

Appellant's remaining points of error contend that none of the elements of the negligence ground of recovery is supported by the evidence. We affirm this portion of the judgment.

■ Figure World's seventh and eighth points of error contend that there is no evidence or insufficient evidence that anyone shouted at Farley. In reviewing legal sufficiency points on appeal we must consider only the evidence that tends to support the jury's findings, in its most favorable light, and disregard all evidence leading to a contrary conclusion. *Burk Royalty Co. v. Walls,* 616 S.W.2d 911 (Tex. 1981). In reviewing a factual sufficiency point we are to consider all of the evidence adduced at trial and reverse and remand only if the evidence supporting the verdict is so weak that the verdict and the judgment thereon are clearly unjust and wrong. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). Both Farley and the

Figure World instructor testified that they were in close proximity to each other at the time of the fall, and Farley testified, on cross examination, that she lost her balance after the instructor "yelled" at her. We hold this evidence sufficient to support the jury's finding. Appellant's seventh and eighth points of error are overruled.

Figure World's ninth point of error asserts that Farley failed to establish the existence and breach of any duty owed her by Figure World. The existence of a legal duty can be established by proof of the standard of care proper under the circumstances. *Thoreson v. Thompson*, 431 S.W.2d 341 (Tex.1968). Alternatively, if the circumstances surrounding the occurrence would indicate the potential risk of harm to a reasonably prudent person, the duty to use ordinary care arises, and the plaintiff need not introduce evidence of the pertinent standard of care. *Bennett v. Span*, 628 S.W.2d 470 (Tex.App.1981, writ ref'd n.r.e.). The record contains the testimony of the Figure World employee who was supervising the salon at the time of Farley's fall that shouting at a customer would be unprofessional and unusual. We hold that this testimony, combined with the jury's finding that a Figure World employee did shout at Farley clearly establishes a legal duty and a breach of that duty.

The final point of error upon which we must rule contends that there is no evidence that the breach of any duty by Figure World's employees was the cause in fact of Farley's injuries. Specifically, Figure World contends that there is no evidence that the shout, and not the resultant sucking in, was the actual cause of the fall. Viewing the record in light of the standard prescribed in *Burk Royalty Co., supra*, we find this contention to be without merit.

Figure World also asserts that there is no evidence to support the foreseeability element of proximate cause. We disagree. The elements of proximate cause may be inferred from the circumstances surrounding the event, and the jury is to be allowed broad latitude in making that de-

termination. *Whitman v. Campbell*, 618 S.W.2d 935 (Tex.Civ.App.1981, no writ); *Harris v. LaQuinta-Redbird Joint Venture*, 522 S.W.2d 232 (Tex.Civ.App.1975, writ ref'd n.r.e.). A fair reading of the record reveals evidence from which the jury could infer all the elements of proximate cause. We affirm that portion of the trial court's judgment which is based on the negligence claim.

Points of error one, three, four, five, six, and 11 complain of that portion of the trial court's judgment which is based on the art. 9019 claim, which we reverse. We therefore need not address these points.