### GULF STATES UTILITIES COMPANY, Appellant,

v.

### Bill DRYDEN & United States Fire Insurance Company, Appellees.

### No. 09–86–244 CV.

Court of Appeals of Texas, Beaumont.

June 18, 1987.

Rehearing Denied Aug. 5, 1987.

James B. Warren, Holtzman & Urquhart, Houston, for appellant.

David Dies, Orange, for appellees.

Richard L. Scheer, Strong, Pipkin, Nelson & Bissell, Beaumont, for intervenor.

## OPINION

BURGESS, Justice.

Bill Dryden was injured when he fell from a work platform on the premises of Gulf States Utilities, Inc. (GSU). United States Fire Insurance Company paid Dryden workers compensation benefits as a result of his injuries. Dryden was employed by Coastline Coating, Inc. (Coastline) as a painter. Coastline was performing painting services as an independent contractor for GSU. A fellow employee, at the close of the day prior to the accident, had suspended a scaffold or a pic-board some 30 feet above the ground by tying one end with rope he found at the site. There was testimony that GSU had left rope of varying sizes lying around the work site and knew that various workers used the discarded rope for various tasks.

The morning of the accident Dryden decided the pic-board needed additional reinforcement and started to walk out on the board to add stronger rope; the board would not support his weight and gave way. Dryden filed suit on alternative theories of recovery. He first alleged that the ropes lying around the work site created an actionable premises defect. Alternately, he alleged that GSU had retained some right of control over the workplace and had breached its duty of reasonable care. A jury found that GSU knew or should have known about the discarded rope, that it knew or should have known the contractor's employees were using the rope, that the failure to remove the rope was negligence, that such negligence was a proximate cause of the accident, and that Dryden suffered various damages in the amount of $654,000. The jury further found that Dryden did not fail to exercise ordinary care for his safety.

GSU brings forth six points of error. The first alleges there is no evidence or insufficient evidence that GSU breached a duty owed to Dryden. The responsibility for performing or conducting a task in a safe manner rests with the contractor and not the premises owner where the activity is under the control of the contractor and the danger arises out of the employee's performance of the task. *Abalos v. Oil Development Co. of Texas*, 544 S.W.2d 627 (Tex.1976). The premises owner may be liable, however, when he retains the right to control some part of the independent contractor's work, but fails to exercise the retained control with reasonable care. *Redinger v. Living, Inc.*, 689 S.W.2d 415 (Tex.1985); *Tovar v. Amarillo Oil Co.*, 692 S.W.2d 469 (Tex.1985); RESTATEMENT (SECOND) OF TORTS sec. 414 (1977). Control, or the right to control, when resting with the landowner, then, is paramount to recovery. *Exxon Corp. v. Quinn*, 726 S.W.2d 17 (Tex.1987).

The evidence on the issue of control was controverted to some degree. Dryden introduced a copy of the master contract which contained the following clause:

SECTION 15. Should the Contractor become insolvent, or bankruptcy proceedings be instituted by or against the Contractor to have it adjudged an involuntary bankrupt, or appointment of a receiver, or (if Contractor is a corporation) should any proceedings be instituted by or against Contractor under the United States Bankruptcy Act or any Debtor's Relief Laws for reorganization of Contractor or should any proceedings be instituted for the seizure and sale of the property used and employed by Contractor in the execution of the contract or should Contractor abandon said work or for any reason fail, refuse, or neglect to prosecute the same with all due diligence, dispatch and efficiency, or should Contractor fail to maintain in force and effect the insurance, or any portion of same, herein provided, or otherwise substantially breach any provision of this contract, Company shall have the right at Company's option, upon five (5) days' prior written notice to Contractor, posted at the location of the work, or delivered to it or to its legal representative, to take over said work and complete the same at the cost of the Contractor.

This clause indicated that GSU retained the right to take control of the work under the specified circumstances. There was, in addition, specific unobjected testimony before the jury, about what rights were retained by GSU. This testimony was:

"Q. Are you saying that if Gulf States didn't like the way that you all were doing particular types of work, such as the way you hung scaffolds, standards, they couldn't stop you?

"A. Oh, yes.

"Q. In fact, they retained that right; didn't they?

"A. They retained that right, yes.

"Q. Thank you."

■ Thus, there is direct evidence that GSU retained the right to control the manner in which Coastline hung scaffolds. There was no issue given the jury as to the extent of GSU's control over the workplace, but an appropriate instruction was given. There was no specific objection to the lack of such issue although there was an objection to the instruction. When some, but not all, of a cluster of issues necessary to sustain a ground of recovery are given and answered by the jury without objection or request, the trial court may make written findings on omitted issues raised by the evidence. If no written findings are made, the omitted issues are deemed to have been found by the court in such a manner to support the judgment. *Harmes v. Arklatex Corp.,* 615 S.W.2d 177 (Tex.1981). Thus, the court is deemed to have found that GSU exercised some control over the workplace. *See Phelan v. Lopez,* 701 S.W.2d 327 (Tex.App.—Beaumont 1985, writ dism'd by agr.). There is sufficient evidence to support this deemed finding. There is also sufficient evidence to support the jury findings. Point of error number one is overruled.

■ The next point of error alleges there is no evidence or insufficient evidence that an act or omission by GSU was a proximate cause of Dryden's injuries. Proximate cause cannot be established by mere guess or conjecture, but must be proved by evidence of probative force. *McClure v. Allied Stores of Texas, Inc.,* 608 S.W.2d 901 (Tex.1980). Proximate cause, as any other ultimate fact, may be established and inferred from circumstances surrounding the event, and it is not necessary to prove it by direct and positive proof. *Whitman v. Campbell,* 618 S.W.2d 935 (Tex.Civ.App.—Beaumont 1981, no writ). Proximate cause may be proved, as any other fact, by circumstantial evidence. *Farley v. M M Cattle Co.,* 529 S.W.2d 751 (Tex.1975).

■ A finding of proximate cause cannot be sustained unless there is evidence of cause in fact and foreseeability. *Enloe v. Barfield,* 422 S.W.2d 905 (Tex.1967). GSU argues that Dryden has proved neither. Cause in fact requires that the negligent act or omission be a substantial factor in bringing about the injury and without which no harm would have occurred. *Missouri Pacific RR. Co. v. American Statesman,* 552 S.W.2d 99 (Tex.1977). Foreseeability is satisfied by showing that a person of ordinary intelligence would have antici-

pated the danger to others by his negligent act. *Missouri Pacific R.R. Co., supra.* Foreseeability does not require one to anticipate just how any particular injuries will grow out of the dangerous situation. *Clark v. Waggoner,* 452 S.W.2d 437 (Tex. 1970).

There was testimony that GSU had allowed various amounts of discarded rope to lie around the premises and that GSU knew that contractors were using the rope for all sorts of purposes. A plaintiff in a personal injury case is only required to convince the jury that an accident resulted from the defendant's negligence and is not required to exclude the probability that the accident might have occurred in some other way. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950). Here, the accident occurred because Dryden's fellow employee used rope left by GSU. The negligent manner in which the rope was left lying around was the initiating cause of the natural and continuous sequence of events which led to Dryden's injuries. From the previously mentioned testimony, the jury could have reasonably found that GSU should have foreseen that a painting contractor might use the discarded rope to hang a scaffold. As previously noted, the elements of proximate cause may be inferred from the circumstances surrounding the event, and the jury is to be allowed broad latitude in making that determination. *Figure World, Inc. v. Farley,* 680 S.W.2d 33 (Tex.App.—Austin 1984, writ ref'd n.r.e.). The evidence on the issue of proximate cause is sufficient. Point of error number two is overruled.

GSU's next point of error alleges that Dryden's contributory negligence was established as a matter of law, or in the alternative, the jury's finding is against the great weight and preponderance of the evidence. It is certainly true that one may not proceed blindly in disregard of dangers that might reasonably be anticipated to exist. *DeWinne v. Allen,* 154 Tex. 316, 277 S.W.2d 95 (1955). However, one's conduct in proceeding after having knowledge of the danger is not always negligent. There are other considerations such as the nature of the danger, the alternatives available, and the precautions taken which bear upon the reasonableness of the actions. *Parker v. Highland Park, Inc.,* 565 S.W.2d 512 (Tex.1978). Dryden testified he appreciated the danger of working on the pic-board with only the rope as he found it. This is evident because he was attempting to reinforce the rope. He testified he started out the pic-board with caution and that he was holding onto a pipe as he advanced out the board. There is evidence to support the jury's findings that Dryden was not contributorially negligent. This point of error is overruled.

The next point of error complains about the trial court giving an instruction to the jury. The point of error was predicated at trial thusly:

> Additionally, defendant, Gulf States Utilities, objects to the submission of the instruction which begins: 'One who entrusts work to an independent contractor, who retains control of any part of the work, is subject to liability for physical harm to others for whose safety the employer holds a duty to exercise reasonable care which is caused by his failure to exercise his control with reasonable care,' on the basis that this case has been tried and is being submitted to the jury as a premises defect case, and not as a case arising out of failure to supervise or control the acts of the independent contractor herein. The distinction is reflected in the Reidinger case, R–E–I–D–I–N–G–E–R, and it's clear that in this case the instruction regarding liability for an owner who has entrusted work to an independent contractor will serve only the purpose of confusing the jury in this case, because it is being submitted to the jury as a premises defect case, rather than as one arising out of the activities of the independent contractor.

GSU makes several arguments before this court concerning the error in giving the instruction. Their appellate arguments were not presented in the same manner to the trial court. Thus, nothing is preserved for review. This point of error is overruled.

GSU's fifth point of error alleges improper jury argument by Dryden's counsel. GSU admits it made no objections to the complained of argument nor requested any instructions to disregard, but excuses this by alleging the arguments were incurable and thus their failure to object does not result in waiver citing *Howard v. Faberge, Inc.*, 679 S.W.2d 644 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). We have closely scrutinized each portion of the complained of argument. Some of the argument is certainly objectionable and improper. It is not, however, incurable, nor does GSU show that the probability that the improper argument caused harm is greater than the probability that the verdict was grounded on proper evidence. *Standard Fire Insurance Co. v. Reese*, 584 S.W.2d 835 (Tex.1979). This point of error is overruled.

In its final point of error, GSU alleges the evidence of damages is insufficient to support the amount awarded by the jury, and GSU is, therefore, entitled to a remittitur.[1] This case was submitted to the jury on a "global" issue without objection. Factual sufficiency is the standard for remittitur in damage cases. *Pope v. Moore*, 711 S.W.2d 622 (Tex.1986). GSU's complaint is that the $654,000 must include some amount for loss of future wages and there is insufficient evidence to sustain any finding on this element. GSU bases its argument on the amounts Dryden's counsel asked the jury to assess to each element. The trial court allowed the jury to consider the following elements in determining the damages:

a. Physical pain and mental anguish in the past.

b. Physical pain and mental anguish in the future.

c. Loss of earnings in the past.

d. Loss of earnings capacity, which in reasonable probability, he will sustain in the future.

e. Physical impairment in the past.

f. Physical impairment, which in reasonable probability, he will sustain in the future.

g. Medical expenses in the past.

h. Medical expenses, which in reasonable probability, he will sustain in the future.

Of these elements only lost earnings and medical expenses in the past are capable of precise calculations. The other elements are not subject to precise mathematical calculation. Elements of past and future physical pain, mental anguish and physical impairment are necessarily speculative, and it is particularly within the province of the jury to resolve those matters and determine the amounts attributable thereto. *Amoco Production Co., Inc. v. Thompson*, 657 S.W.2d 824 (Tex.App.—Corpus Christi), *rev'd on other grounds sub nom Ideal Lease Service, Inc. v. Amoco Production Co., Inc.*, 662 S.W.2d 951 (Tex.1983). While trite, it is true that each case must necessarily be judged on its own facts and considerable latitude should be left to the jury. We cannot determine what amount the jury allocated to each element of damages. If there were no evidence of an element, then reversal is the remedy rather than remittitur. *Dallas Railway & Terminal Co. v. Gossett*, 156 Tex. 252, 294 S.W.2d 377 (1956). The rationale for this is that if an improper element has been included and it is impossible to separate out the damages, then remittitur is impossible. GSU, however, is not alleging a no evidence point as they did not object to the submission of the damage issue. In viewing the damages as a whole, we are unable to say that the jury's verdict is excessive as to shock the conscience of this court and be manifestly unjust. This point of error is overruled. The judgment of the trial court is affirmed.

AFFIRMED.

DIES, C.J., not participating.

---

1. *TEX.R.APP.P. 85(b)* would seem to indicate that the proper point of error is to allege an abuse of discretion by the trial court in refusing to suggest a remittitur.