In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO.  09-13-00210-CV

_____

THE CITY OF BEAUMONT, TEXAS, Appellant

V.

JAY BROCATO AND WIFE, VALERIE BROCATO, INDIVIDUALLY AND
AS NEXT FRIENDS OF M.B., Appellees

On Appeal from the 136th District Court
Jefferson County, Texas
Trial Cause No. D-183,620

## MEMORANDUM OPINION

This appeal by the defendant from a judgment rendered in a personal injury case raises three questions: (1) whether the jury had legally sufficient evidence to support its award to the minor plaintiff for her future medical expenses; (2) whether the trial court erred in rendering a judgment that included an award for the minor's past medical expenses; and (3) whether the trial court erred by taxing the defendant with all costs of court when, in a prior appeal, we ordered that plaintiffs

1

were to pay the costs for that appeal. We overrule the issues relating to the awards of past and future medical expenses; we further conclude the trial court erred when it taxed all costs to defendant, given our court's mandate in the prior appeal. As modified to reallocate the assessment of taxable costs, the trial court's judgment is affirmed.

Background

In 2008, Jay and Valerie Brocato's daughter, M.B., was involved in a collision with a police officer employed by the City of Beaumont. The Brocatos sued the City; following the first trial of the case, a jury found the City's officer negligent. The City appealed. In that appeal, we found the trial court erred by failing to submit a question, requested by the City, asking whether the officer was responding to an emergency when the collision occurred. *City of Beaumont v. Brocato,* No. 09-10-00473-CV, 2011 WL 4716296, at \*\*3-4 (Tex. App.—Beaumont Oct. 6, 2011, no pet.) (mem. op.). We reversed the judgment and remanded the case for a new trial. *Id*. at \*5. The mandate rendered in connection with the appeal of the verdict in that case recited: "All costs of the appeal are assessed against the [Brocatos]."

On retrial, the jury found both drivers were negligent, and found M.B. less than fifty percent responsible for the collision. Based on the jury's findings on the

liability and proportionate fault issues, the jury's findings on the issues of future medical, past physical pain and mental anguish, future physical pain and mental anguish, and past and future physical impairment, along with the trial court's finding on the question of past medical, the Brocatos were awarded a judgment of $29,149.21.

## Standard of Review

In issue one, the City challenges the legally sufficiency of the evidence supporting the jury's finding that M.B. will probably incur medical expenses in the future. Issue two challenges the trial court's finding that M.B. incurred medical expenses in the past.

Evidence is legally sufficient if it "would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In evaluating the evidence's legal sufficiency, "we credit evidence that supports the verdict if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not." *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006) (citing *City of Keller*, 168 S.W.3d at 827); *see Am. Interstate Ins. Co. v. Hinson*, 172 S.W.3d 108, 114 (Tex. App.—Beaumont 2005, pet. denied). A defendant will prevail on a legal sufficiency challenge if the record from the trial court shows one of the following: (1) a complete absence of

3

evidence of a vital fact; (2) rules of law or rules of evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the fact that is at issue in the appeal. *City of Keller*, 168 S.W.3d at 810 (quoting Robert W. Calvert, *"No Evidence" & "Insufficient Evidence" Point of Errors*, 38 Tex. L. Rev. 361, 362-63 (1960)). The same standards are used to review a legal sufficiency challenge to a jury's verdict as are used to review a challenge to a trial court's award. *See Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991)

Future Medical Expenses

The City contends that the jury's award of $25,000 in future medical expenses was based on testimony indicating that M.B.'s need for future ankle surgery is only possible. Stated another way, the City contends the Brocatos failed to show that M.B. will probably need to have surgery to her ankle.

In Texas, the "'reasonable probability'" rule is followed for recovering damages for a plaintiff's future medical expenses. *Antonov v. Walters*, 168 S.W.3d 901, 908 (Tex. App.—Fort Worth 2005, pet. denied)). To recover future medical expenses, a plaintiff must show there is a "reasonable probability" that such

4

medical expenses will be incurred in the future. *Id.* "Although the preferred practice is to establish future medical expenses through expert medical testimony, no rule requires the plaintiff to establish such expenses through expert testimony or based on a reasonable medical probability." *Id.*; *see also Finley v. P.G.*, 428 S.W.3d 229, 233 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Instead, the jury may award a plaintiff for future medical expenses based on the nature of the plaintiff's injuries, the extent the plaintiff required medical care before the date the trial occurred, and the plaintiff's condition at the time of trial. *Antonov*, 168 S.W.3d at 908. Generally, juries are afforded discretion regarding their decisions to award or to reject claims seeking an award of future medical expenses. *Id.*

The testimony in this case that addressed M.B.'s past and future medical expenses included the testimony of M.B.'s treating physician, Dr. Keith Hill, a board certified orthopedic surgeon. Dr. Hill saw M.B. at various times between May 2008 and December 2009. Dr. Hill's testimony indicates that he began treating M.B. four days after the collision. According to Dr. Hill, M.B. had a comminuted fracture of the ankle, an injury he described as serious and painful. A CT scan of the fractured ankle showed that "there were lots of small fragments that had been broken off on the outside part of the ankle bone that were displaced slightly from their original position on the ankle bone." Dr. Hill testified about

5

M.B.'s treatment, consisting of physician's visits, the immobilization of her right ankle, and physical therapy, all of which he related to the injuries that M.B. had suffered in the collision. Dr. Hill expressed his opinions on these matters in terms of reasonable medical probability.

Dr. Hill's testimony also details the treatment M.B. required for her injuries. M.B.'s right ankle was immobilized so that it could heal. Dr. Hill prescribed physical therapy, and M.B. attended physical therapy for ligament injuries to her left ankle that also resulted from the collision. Dr. Hill explained that M.B.'s last appointment with him was in December 2009; during that visit, M.B. reported that she was still having problems with her right ankle, including pain, and a problem that she described as "giving way." During her last appointment, M.B. also related that she continued to have "some discomfort with her activities," and she indicated that she was using braces on her right foot when active. According to Dr. Hill, he understood that M.B. was having sporadic but not daily problems with her ankle.

Dr. Hill also addressed questions about whether M.B. would need surgery on her right ankle. According to Dr. Hill, the type of injury M.B. suffered to her right ankle does not normally require surgery. However, Dr. Hill explained that M.B. would be a candidate for surgery if she was still having complaints that her ankle and foot gave way, and if she was still complaining about having considerable pain

and needing to brace her ankle. Dr. Hill estimated that if M.B. had surgery on her right ankle, the medical expenses related to the surgery would be between $15,000 and $25,000. When reviewed in the light most favorable to the jury's verdict, Dr. Hill's opinions about the cost and need of future surgery are expressed in terms of a probability even though his predictions are conditioned on assumptions about the extent of M.B.'s recovery.

At trial, M.B. testified that she had not fully improved, and that she did not believe she would completely recover. She described that she had fluid in her right ankle on waking in the morning, which caused her to limp. She testified that she continued to have occasions when her right foot gave way, making her ankle "really painful[,]" and resulting in symptoms that lasted four or five days. M.B. testified that she thought she would eventually need surgery on her right ankle, and she indicated that at some point in time, she was going to have the surgery.

We view the evidence on the question of whether the jury could reasonably award future medical expenses by reviewing the evidence in the light most favorable to the jury's verdict, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *City of Keller*, 168 S.W.3d at 827. To recover for future medical expenses, a plaintiff must show that there is a reasonable probability that expenses

7

resulting from the injury will be necessary in the future. *Pilgrim's Pride Corp. v. Cernat*, 205 S.W.3d 110, 121 (Tex. App.—Texarkana 2006, pet. denied). The evidence needed to prove that a plaintiff is entitled to recover for future medical expenses requires that a plaintiff show a reasonable probability that the medical expenses will be incurred, and the probable cost of such expenses. *Bituminous Cas. Corp. v. Cleveland*, 223 S.W.3d 485, 490 (Tex. App.—Amarillo 2006, no pet.). The jury can infer that it is reasonably probable the plaintiff will incur future medical expenses based on the nature of the injuries the plaintiff suffered, the medical care the plaintiff received before trial, the plaintiff's progress toward recovery under the treatment received, and the plaintiff's condition at the time of trial. *Volkswagen of Am., Inc. v. Ramirez*, 79 S.W.3d 113, 127 (Tex. App.—Corpus Christi 2002), *rev'd on other grounds*, 159 S.W.3d 897 (Tex. 2004); *Rosenboom Mach. & Tool, Inc. v. Machala*, 995 S.W.2d 817, 828 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).

The testimony before the jury about M.B.'s injury, the testimony by Dr. Hill that M.B. would probably need the surgery if she was still having significant complaints, and M.B.'s testimony about the problems that she continued to have with her right ankle several years after the collision constitutes substantial and probative evidence supporting the jury's inference that M.B. will need surgery to

her right ankle. *See Antonov*, 168 S.W.3d at 908. While the evidence in the record regarding whether M.B. will need future surgery was not conclusive, it is also more than a scintilla, as the testimony enabled reasonable and fair minded jurors to conclude that M.B. would need surgery to her ankle. *See City of Keller*, 168 S.W.3d at 827. We overrule issue one.

Past Medical Expenses

In issue two, the City contends the "evidence offered to establish [the Brocatos'] claim for past medical expenses constituted no evidence." The City correctly notes that the Brocatos did not submit an issue to the jury on the amount of the past medical expenses that the Brocatos paid on M.B.'s behalf. The City then concludes that the trial court's judgment allowing the Brocatos to recover for M.B.'s past medical expenses should be reversed, and it contends that part of the award should be deleted from the judgment.

The reporter's record reflects that the affidavits used to prove the amount the Brocatos incurred for M.B.'s medical treatment were admitted as trial court exhibits, and they were not admitted into the evidence considered by the jury. The reporter's record further reflects that the City objected to the affidavits showing the amount the Brocatos incurred in past medical expenses on the basis that the records were not properly authenticated. The City does not complain about the admission

9

of the billing records on that basis in this appeal. Additionally, the City did not object when the charge submitted to the jury by the trial court did not include a question regarding M.B.'s past medical expenses that resulted from the collision. Nevertheless, the plaintiffs' suit includes a claim for past medical expenses.[1]

A plaintiff has the burden to prove the amount of medical expenses the plaintiff incurred and to establish that the expenses incurred were reasonable and necessary to treat the plaintiff for the injuries resulting from the defendant's negligence. *Monsanto Co. v. Johnson*, 675 S.W.2d 305, 312 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). Expert testimony may be used in proving that the medical expenses a plaintiff incurred were reasonable and necessary. *Castillo v. Am. Garment Finishers Corp.*, 965 S.W.2d 646, 654 (Tex. App.—El Paso 1998, no pet.). In this case, the record shows that the Brocatos offered into evidence several affidavits from custodians of records that addressed the cost and necessity of M.B.'s past medical expenses, a procedure provided by section 18.001 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 18.001 (West Supp. 2014);[2] *Castillo*, 965 S.W.2d at 654. Section 18.001(b) states:

---

[1]The Brocatos' Second Amended Original Petition was their "live pleading" at the time of trial.

[2]We cite to the current version of the statute, as the subsequent amendments do not affect the outcome of this appeal.

10

(b) Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

Tex. Civ. Prac. & Rem. Code Ann. § 18.001(b). The statute provides that the affidavit may be either by the person who provided the service or by a records custodian, and must be served on opposing counsel at least thirty days before the day on which evidence is first presented at the trial of the case. *See id.* § 18.001(c)-(d).

The record shows that the Brocatos submitted the affidavits to establish the amount of the past medical expenses they paid on M.B.'s behalf. *See id.* § 18.001(b); *Johnson*, 675 S.W.2d at 312. The trial court admitted the affidavits establishing the amount that was paid in past medical expenses "as Court exhibits only." As a result, the exhibits that related to the past medical expenses incurred by the Brocatos were before the trial court, but they were not admitted into the evidence that was considered by the jury. And, the City did not file affidavits controverting the affidavits of the various records custodians regarding the amount of the past medical expenses that the Brocatos incurred for M.B.'s treatment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 18.001(b). The various billing records and accompanying affidavits admitted as exhibits describe the amounts billed as

11

reasonable and related to M.B.'s injuries. *See id.* § 41.0105 (West 2008) (limiting a plaintiff's recovery of past medical expenses to the amount actually paid or incurred by or on behalf of the claimant). The trial court would also have been aware of the testimony before the jury describing M.B.'s treatment.

The crux of the City's complaint is that the affidavits establishing the amounts the Brocatos paid as being reasonable were never considered by the jury. But, when the trial court, in its charge, failed to include an issue on past medical expenses, the City did not object that the charge omitted an element of damages or that it wanted the jury to resolve any issue related to M.B.'s past medical expenses. The affidavits of the records custodians established that the amounts the Brocatos incurred for M.B.'s treatment were reasonable and necessary, and they were admitted during the trial as evidence to be considered by the trial court.

When a jury charge omits an element of a recovery that is supported by the pleadings and the evidence, the trial court is deemed to have found the omitted element in a manner consistent with the judgment that it renders. *See* Tex. R. Civ. P. 279. Rule 279 provides:

> When a ground of recovery or defense consists of more than one element, if one or more of such elements necessary to sustain such ground of recovery or defense, and necessarily referable thereto, are submitted to and found by the jury, and one or more of such elements are omitted from the charge, without request or objection, and there is factually sufficient evidence to support a finding thereon, the trial

12

court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted element or elements in support of the judgment. If no such written findings are made, such omitted element or elements shall be deemed found by the court in such manner as to support the judgment. A claim that the evidence was legally or factually insufficient to warrant the submission of any question may be made for the first time after verdict, regardless of whether the submission of such question was requested by the complainant.

*Id.* The purpose of the 'necessarily referable' requirement is to give parties fair notice of, and an opportunity to object to a partial submission. *Superior Trucks, Inc. v. Allen*, 664 S.W.2d 136, 144 (Tex. App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). "Once a party is on notice of the independent ground of recovery or defense due to the existence of an issue 'necessarily referable' thereto, if that party fails to object or request submission of the missing issues, he cannot be heard to complain on appeal, as he is said to have consented to the court's findings on the missing issues." *Id.*

Generally, the issue of damages in a personal injury includes several elements of damage, and a claim for past medical expense is typically one of them. *See Gulf States Utils. Co. v. Dryden*, 735 S.W.2d 263, 268 (Tex. App.—Beaumont 1987, no pet.) (noting the jury considered the element of past medical expenses in determining damages). Given the City's failure to object to the partial submission of the case in the charge when evidence was admitted during the trial on the issue

13

of past medical expenses, we must deem the element to have been "found by the court in such manner as to support the judgment." Tex. R. Civ. P. 279. Here, the trial court, through the judgment, allowed the Brocatos to recover on their claim for past medical expenses, a claim on which the Brocatos both had pleadings and presented evidence. *See id.*; *Ramos v. Frito-Lay, Inc.*, 784 S.W.2d 667, 668 (Tex. 1990). Considering the affidavits of the records custodians before the trial court, and the other testimony in the record, the trial court's conclusion that the Brocatos incurred approximately $3,582 in past medical expenses on M.B.'s behalf is a finding the trial court could reasonably make based on the evidence that was before it. We overrule issue two.

## Taxable Costs

In issue three, the City argues the trial court erred by taxing the City with all taxable costs when the mandate from the appeal that followed the first trial, appeal number 09-10-00473-CV, ordered the Brocatos to pay all of the costs resulting from the City's appeal. In a post-trial motion, the City objected to the trial court's award of all taxable costs following the retrial that occurred on remand, complaining that the judgment the trial court rendered failed to account for the appellate costs awarded in the prior appeal. *See* Tex. R. App. P. 43.4 (awarding prevailing party in a civil case the appellate costs that were incurred by that party).

14

According to the City, the trial court should have included language in the judgment requiring the Brocatos to pay the costs taxed against them following the City's first appeal.

We agree the trial court was obligated to enforce our mandate in cause number 09-10-00473-CV. *See* Tex. R. App. P. 51.1(b); *Whitmire v. Greenridge Place Apartments*, 333 S.W.3d 255, 261 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd). One of the ways it could have done so was by offsetting the judgment with our prior award of the costs related to the appeal governed by our mandate. *Cf. Zeecon Wireless Internet, LLC v. McEwen*, No. 03-08-00214-CV, 2010 WL 521111, at *3 (Tex. App.—Austin Feb. 12, 2010, no pet.) (mem. op.) (enforcing the appellate court's mandate assessing the costs of the first appeal by offsetting damage award in final judgment). We sustain issue three. We modify that part of the trial court's final judgment by conforming the language in the final judgment at page four, paragraph one, to read: "That Plaintiffs, JAY BROCATO and wife, VALERIE BROCATO, Individually and as Next Friends of MACY BROCATO, and MACY BROCATO, Individually, have and recover of and against Defendant, THE CITY OF BEAUMONT, TEXAS, the total sum of $29,149.21 ((the gross amount of the verdict [together with Plaintiff MACY BROCATO's paid medical expenses ($3,581.93) as reflected by Plaintiff's Exhibit No. 3], less 40%

contributory negligence of MACY BROCATO)); less the appellate costs taxed against the Brocatos per the mandate of the Ninth Court of Appeals in appellate cause number 09-10-00473-CV; plus pre-judgment interest in the amount of $1,877.12 through January 7, 2013, and thereafter until Judgment is signed at the rate of $1.12 per day, with post-judgment interest thereon at the highest legal rate, from the date of rendition of Judgment until paid."

With respect to the current appeal, we tax 90% of the costs of the appeal to the City and tax 10% of those costs to the Brocatos. As modified, the trial court's judgment is affirmed.

AFFIRMED AS MODIFIED.

_____
HOLLIS HORTON
Justice

Submitted on July 8, 2014
Opinion Delivered October 30, 2014

Before Kreger, Horton and Johnson, JJ.

16